IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTON DEAN,

        Plaintiff,                   No. CIV S-11-0877 EFB P

   vs.

H. BRAZIEL, et al.,

        Defendants.           ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      On April 13, 2011, the court found that plaintiff did not pay the required filing fee or submit an application for leave to proceed *in forma pauperis*. Accordingly, the court ordered plaintiff to submit either the filing fee or the application required by § 1915(a) within thirty days. The order warned plaintiff that failure to do so might result in this action being dismissed. The 30-day period expired and plaintiff did not pay the filing fee, submit an application to proceed *in forma pauperis* or otherwise respond to the court's order. Accordingly, on May 26, 2011, this action was dismissed without prejudice and judgment was entered.

1

On May 31, 2011, after this case was closed, plaintiff filed an application to proceed *in forma pauperis*. Dckt. No. 9.  On June 29, 2011, plaintiff requested relief from judgment. Dckt. No. 12.  Pursuant to Fed. R. Civ. P. 60(b):

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff's motion for relief from judgment will be granted.  Although plaintiff's May 31 application was not returned within the thirty days provided by the April 13, 2011 order, the delay is not extraordinary given his confinement.  Nor does it appear that the delay has occasioned any prejudice to defendants.  Accordingly, the court turns to plaintiff's request for leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a).

The court finds that plaintiff has not demonstrated he is eligible to proceed *in forma pauperis*.  A prisoner may not proceed *in forma pauperis*,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  It appears that on at least three prior occasions, plaintiff brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1]  *See Dean v. Sullivan*, No. CIV 2:98-0717-LKK-DAD (E.D. Cal.) (March 22, 1999 Order dismissing action for failure to state a cognizable claim); *Dean v. Blanas*, No. CIV 2:02-1122-LKK-GGH (E.D. Cal) (March 6, 2003 Order adopting February 11, 2003

---

[1] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

Findings and Recommendations to dismiss action for failure to state a claim); and *Dean v. Andreasen*, No. CIV 2:02-0881-DFL-GGH (E.D. Cal.) (January 8, 2004 Order dismissing action for failure to state a claim).

Further, it does not appear that plaintiff was under imminent threat of serious physical injury when he filed the complaint. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). In the complaint, plaintiff seeks $50 million as relief in damages, and alleges that he was unlawfully separated from other inmates, which limited his access to the law library and legal documents. *See* Dckt. No. 1. Despite a heading reading "Imminent Danger," the nature of plaintiff's allegations does not demonstrate that he suffered from imminent danger of serious physical injury at the time he filed his complaint. Thus, the imminent danger exception does not apply.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's June 29, 2011 request for relief from judgment is granted.

2. Plaintiff's May 31, 2011 application to proceed *in forma pauperis* is denied;

3. Plaintiff shall pay the $350 filing fee within 30 days; and

4. Plaintiff's failure to comply with this order will result in dismissal of this action. *See* 28 U.S.C. § 1914(a).

Dated: January 4, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3